The opinion of the court was delivered by
TilghmAN, C. J.
The defendant in error, has endeavoured to support his judgment on the scire facias, by the “ act for defalcation,” passed in the year 1705, (1 Sm. L. 49.) It is enacted, in *144 the third section of that, act, “ that in all cases where the plaintiff and defendant having accounts to produce, one against another, shall consent to a rule of court for referring the adjustment thereof to certain persons, mutually chosen by them in open court, the award or report of such referees, being made according to the submission of the parties, and approved of by the court, and entered upon the record, or roll, shall have the same effect, and shall be deemed and taken to be as available in law, as a verdict given by twelve men; and the party, to whom any sum or sums of-money is thereby awarded to be paid, shall have judgment, or a scire.facias for the recovery thereof, as the case may require, and is herein before directed, concerning sums found and settled by jury.” The former part of the act directs, that where, on a trial by jury, it should be found that a sum of money was due from the plaintiff to the defendant, the sum so found, should be recorded with the verdict, and be deemed a debt of record; and if the plaintiff should refuse to pay the same, the defendant, for recovery thereof, should have a scire facias against the plaintiff; and have execution for the same, with-the costs of that action. From a consideration of all the parts of this act, the eases in which a defendant may recover a sum of money from a plaintiff, must be confined to actions in which a debt or damages are demanded by the plaintiff. It was not intended, that two judgments, one for the plaintiff and the other for the defendant, should be entered in the same action. If the jury found a verdict for the plaintiff, he would be entitled to judgment. But if the verdict should be, that a sum of money was due from the plaintiff to the defendant, it was to be considered as a debt of record, on which a scire facias might issue. In such case, the defendant would recover the costs, not only of the scire facias, but the original action, which would be most unjust, if the plaintiff obtained judgment in the original action. Now, consider the case before us. The plaintiff, in the ejectment, obtained a judgment for land, which was what he demanded, and not money. In a ease of that kind, it was impossible, that, upon a comparison and settlement of accounts, a balance of money should be due from the plaintiff. Where one claims land, and another money, there can be no balance, because the objects on each side are of a different nature. It was a case, then, not in the contemplation of the act of assembly. The reference was of a matter collateral to the action of ejectment. Nevertheless, it was a subject, which, under a rule of court, might be submitted to arbitration, and if either party failed to comply with the award made in pursuance of such rule, it would be a contempt of court, which might be punished by attachment. The plaintiffs in'error say, that the award in this case, was not conformable to the submission of the parties, and therefore ought not to have been entered. On that point, we give no opinion. All that is to be decided in this case, is, whether the judgment on the scire facias was good. If supportable, it would only be by the act of *145 assembly which I have mentioned; for, at common law, a judgment cannot be given, that a defendant should recover a sum of money of the plaintiff. But the case is not within the act of assembly, and therefore the judgment was erroneous. The judgment and execution are to be reversed, and the record remitted to the Court of Common Pleas.
Duncan, J., having been counsel in the cause, gave no opinion.
Judgment reversed.